Memorandum. Responsibility for the results of this head-on collision, which depends on the side of the highway on which it is found to have occurred, presents a close question on which the Appellate Division was divided. An undersheriff called by respondents gave testimony on important observations which could be deemed inconsistent with his previous testimony before a motor vehicle examiner. Cross-examination by appellants on this earlier testimony was unduly curtailed, and in view of the closeness of the issue, the curtailment was prejudicial. On retrial appellants will have opportunity to examine more fully the source of the notation ‘1 blackout ” on a physician’s record of the examination of appellant Alfred Gersch.
Order reversed and a new trial ordered, with costs to abide the event.
Dissenting Memorandum. In this case there were closely contested issues of fact resolved by the jury and the verdict was affirmed by the Appellate Division. That verdict rested on a vast quantity of testimonial and physical evidence with respect to which the limitation of the cross-examination of a peripheral witness on a matter of collateral impeachment could hardly be less important. Since this court may not review the weight of the evidence, the jury verdict ought not, by tenuous distinction, be overturned, however much one might disagree with its result.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Gibson concur in a memorandum; Judge Breitel dissents and votes to affirm in a separate memorandum in which Judge Jasen concurs.
Order reversed and a new trial granted, with costs to abide the event, in a memorandum.